IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BLACK & DECKER (US), INC.,

    Plaintiff,

v.                                                                         No. 07-1201

TIMOTHY C. SMITH,

    Defendant.

_____

ORDER GRANTING PLAINTIFF'S MOTION TO
CERTIFY DECISION FOR INTERLOCUTORY APPEAL
_____

On November 15, 2007, the Plaintiff, Black & Decker, Inc., ("B&D") filed the instant action against the Defendant, Timothy Smith, alleging that Smith shared certain confidential data with one of the Plaintiff's competitors in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1701, and the Tennessee Personal and Commercial Computer Act of 2003, Tenn. Code Ann. § 39-14-602. B&D also included claims of breach of contract, breach of duty of loyalty and/or fiduciary duty, misappropriation of confidential and proprietary information, and unfair competition and unfair trade practices against Smith. Before the Court is the Plaintiff's motion for permission to file an interlocutory appeal from this Court's Order granting in part and denying in part the Defendant's motion to dismiss. (Docket Entry ("D.E.") No. 79.) For the following reasons, the Court GRANTS B&D's motion and certifies its opinion for an interlocutory appeal.

The standard for granting an interlocutory appeal is contained in 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The Sixth Circuit has restated this test with three factors:

> This court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). An interlocutory appeal should only be granted in exceptional circumstances and should be used sparingly to avoid protracted and expensive litigation. Cardwell v. Chesapeake & Ohio R.R. Co., 504 F.2d 444, 446 (6th Cir. 1974) (citation omitted).

The Plaintiff contends that Smith, a former B&D employee, violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq. ("CFAA"), when he used his work computer to access certain confidential documents that he later shared with a different employer, after copying the information to a nonsecure server and an external hard drive. In its Order granting in part and denying in part the Defendant's motion to dismiss, the Court held that Smith's alleged actions did not violate subsections (a)(2), (a)(4), or (a)(5)(A)(ii)-(iii) of 18 U.S.C. § 1030, because he did not act without authorization or in excess of authorization, as required by the statute. It did find, however, that the Complaint stated a claim under 18 U.S.C. § 1030(a)(5)(A)(i) because the Defendant caused damage to the Plaintiff's computer system by copying confidential documents to a nonsecure server, thus compromising the

security of B&D's data storage system.[1]

I. Controlling Question of Law

"A legal issue is controlling if it could materially affect the outcome of the case." In re City of Memphis, 293 F.3d at 351. The resolution of the issue need not, however, terminate the case. In re Baker & Getty Fin. Servs., 954 F.2d 1169, 1172 n.8 (6th Cir. 1992); see also W. Tenn. Chapter of Associated Builders & Contractors v. City of Memphis, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000) ("An issue is . . . controlling if its resolution on appeal could result in a reversal of a district court's final judgment.") (citation omitted). In this case, a ruling in favor of the Defendant on the issues raised in his motion to dismiss would not end the lawsuit, but would dispose of several of the claims against him. Thus, resolving the question of how courts should interpret the terms "damage," "access without authorization," and "exceeds authorized access" under the CFAA does materially affect the outcome of the case.

II. Substantial Ground for Difference of Opinion

A substantial ground for a difference of opinion exists when "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." Gaylord Entm't Co. v. Gilmore Entm't Group, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001) (internal quotation marks and citation omitted). As noted in the Order on the Defendant's motion to dismiss, there is a split in authority over how broad the CFAA's reach is. Several courts, including two federal courts of appeal, have held that an employee may exceed his

---

[1] The Court also granted in part and denied in part the Defendant's motion to dismiss certain claims brought pursuant to the Tennessee Personal and Commercial Computer Act of 2003, Tenn. Code Ann. § 39-14-602. However, those rulings are not at issue in the Plaintiff's motion to seek permission for an interlocutory appeal. (See D.E No. 79, Mem. in Supp. (discussing only the CFAA).)

authorization or act without authorization when he utilizes a computer to access confidential or proprietary information that he has permission to access, but then uses that information in a manner that is inconsistent with the employer's interests or in a manner that violates a contractual obligation. See e.g., Int'l Airport Ctrs., L.L.C. v. Citrin, 440 F.3d 418, 420-21 (7th Cir. 2006) (reversing dismissal of CFAA claims where an employee breached his duty of loyalty after he resolved to quit; his subsequent "scrubbing" of a computer his employer lent him for his work consisted of access without authorization because that breach of loyalty terminated his agency relationship, which was the only basis of his authority to access the laptop); EF Cultural Travel BV v. Explorica, Inc., 274 F.3d 577, 582-84 (1st Cir. 2001) (concluding that where a former employee of the plaintiff provided another company with proprietary information in violation of a confidentiality agreement in order to mine his former employer's publically accessible website for certain information, he exceeded the authorization he had to navigate the website); Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc., 119 F. Supp. 2d 1121, 1124-25 (W.D. Wash. 2000) (holding that the plaintiff's former employees were "without authorization" when they accessed and sent proprietary information to a competitor while still employed by the plaintiff).

Several district courts have rejected this broad interpretation of the CFAA, finding that by its plain terms, the statute targets the unauthorized procurement or alteration of information, not its misuse. See e.g., Shamrock Foods Co. v. Gast, 535 F. Supp. 2d 962, 965 (D. Ariz. 2008) (rejecting Citrin and Shurgard and holding that the plain language of the statute supports a narrower interpretation because 1) "without authorization" means without permission and 2) the CFAA's definition of "exceeds authorized access" contemplates a situation where "'access [to a computer] is improper because the defendant accesses information to which he is not entitled,'" rather than misuses information that he is authorized to access) (quoting Diamond Power Int'l v. Davidson, 540 F. Supp.

4

2d 1322, 1342 (N.D. Ga. 2007)); Brett Senior & Assocs., P.C. v. Fitzgerald, No. 06-1412, 2007 U.S. Dist. LEXIS 50833, at *12 (E.D. Pa. July 13, 2007) ("The common thread running through [cases like Explorica] is a focus on the employee's motive for accessing a computer and his or her intended use of the information obtained. As stated above, however, this interpretation reads section (a)(4) as if it said 'exceeds authorized use' instead of 'exceeds authorized access.'") (internal footnote omitted); Lockheed Martin Corp. v. Speed, No. 6:05-cv-1580, 2006 U.S. Dist. LEXIS 53108, at *19 (M.D. Fla. Aug. 1, 2006) ("In this Court's view, the plain meaning brings clarity to the picture and illuminates the straightforward intention of Congress, *ie.*, 'without authorization' means no access authorization and 'exceeds authorized access' means to go beyond the access permitted. While Citrin attempts to stretch 'without authorization' to cover those *with* access authorization (albeit those with adverse interests), Congress did not so stipulate.").

The issue of how broadly the CFAA should be interpreted has not been decided by the Sixth Circuit. Other than the Court's own opinion, there are two district court decisions in this circuit on the CFAA. In International Security Management, Inc., v. Sawyer, No. 3:06cv0456, 2006 U.S. Dist. LEXIS 37059, at *58-59 (M.D. Tenn. June 6, 2006), a district court in the Middle District of Tennessee adopted the holdings of Explorica and Shurgard Storage without analysis in issuing a preliminary injunction, holding that the plaintiff was likely to succeed on the merits of a claim brought pursuant to 18 U.S.C. § 1030(a)(4), when its former employee emailed certain confidential information to his future business partner, in contravention of a non-disclosure agreement. Another district court, this one in the Northern District of Ohio, did not interpret the terms "damage," "access without authorization," or "exceeds authorized access," but noted in dicta that "[t]he statute was not meant to cover the disloyal employee who walks off with confidential information. Rather the statutory purpose is to punish trespassers and hackers." Am. Family Mut. Ins. Co. v. Rickman, No.

5

3:08-cv-583, 2008 U.S. Dist. LEXIS 32480, at *13 (N.D. Ohio Apr. 18, 2008).

The issue raised in the Defendant's motion to dismiss thus satisfies all three factors listed in Gaylord. First, there is no Sixth Circuit opinion interpreting the CFAA. Second, a difference of opinion has developed among the district courts in the Sixth Circuit regarding Congress's intent in passing the CFAA. Last, there is a split of authority outside the Sixth Circuit on the matter. It is this difference in opinion that causes the Court to certify this case for immediate appeal.

### III. Immediate Appeal May Materially Advance the Termination of the Litigation

An interlocutory appeal materially advances the ultimate termination of the litigation when it "save[s] judicial resources and litigant expense." W. Tenn. Chapter, 138 F. Supp. 2d at 1026. An interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, "where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." In re James River Coal Co., No. 305-00294A, 2006 U.S. Dist. LEXIS 92984, at *9 (M.D. Tenn. Dec. 20, 2006) (citation omitted).

The Defendant argues that an interlocutory appeal is inappropriate in this case, because the CFAA claims may be rendered moot if B&D prevails on its other claims. (D.E. No. 83, Resp. in Opp., at 4.) Next, it contends that it would be more efficient for the Sixth Circuit to address all of the Plaintiff's CFAA claims at once, along with the claims brought pursuant to the Tennessee Personal and Commercial Computer Act of 2003, which is similar to the CFAA. (Id.) While the Court agrees that there is a risk that permitting an interlocutory appeal will result in piecemeal litigation, it nonetheless finds that an interlocutory appeal is warranted in this case. First, it is still early in the proceedings. The Defendant has only recently filed his Answer to the Complaint and the parties have engaged in minimal discovery on the CFAA claims thus far. Second, the reach of the CFAA is an issue that is entirely unsettled in the Sixth Circuit. Thus, allowing the Court's Order on the

Defendant's motion to dismiss to be appealed at this stage in the proceedings might prevent this case from having to be tried twice. If the Order is reversed, the CFAA claims can be returned to the case before trial. In addition, the Plaintiff has filed a case against the Defendant's new employer that also involves claims brought pursuant to the CFAA. (<u>Black & Decker Inc. v. Techtronic Industries Co., LTD, et al.</u>, No. 08-1002). A Sixth Circuit ruling on the issues addressed in the Court's Order on Smith's motion to dismiss will assist this Court in ruling on the merits of the Plaintiff's CFAA claims against Techtronic Industries Co. Thus, there is a strong possibility that permitting an interlocutory appeal would save judicial resources and limit litigant expense.

## CONCLUSION

For the reasons stated herein, the Court finds that all factors required to certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) have been satisfied and the Plaintiff's motion is GRANTED. In accordance with this opinion, the Court hereby provides a certification of appealability. The proceedings in this Court are stayed pending the Sixth Circuit's decision as to whether it will permit an appeal.

IT IS SO ORDERED this 15th day of August, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE